F I L E D
United States Court of Appeals
Tenth Circuit

FEB 27 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT AUSTIN BARTLETT,

Plaintiff-Appellant,

v.

W. KEITH GOODY; D. DAVID
LAMBERT,

Defendants-Appellees.

No. 00-8040
(D.C. No. 99-CV-197-D)
(D. Wyo.)

ORDER AND JUDGMENT   *

Before **SEYMOUR** , **BALDOCK** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this diversity action, Robert Austin Bartlett appeals from the district court's grant of summary judgment in favor of his former attorneys on his claims of breach of contract, breach of fiduciary duty, conspiracy, and fraud in connection with their representation in his divorce proceedings. The district court determined that Bartlett's claims were barred by the applicable Wyoming statute of limitations. In this appeal, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo, applying the same standards as that court pursuant to Fed. R. Civ. P. 56(c). See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999).

Bartlett argues that the district court erred in (1) selecting the applicable statute of limitations; (2) determining the date on which the statute began to run; (3) refusing to toll the statute for legal disability, attributable to a lack of access to documents, a heart attack, and a back injury; (4) failing to recognize a federal question, in that the requested damage amount included IRS penalties and fines imposed as a result of his divorce decree; (5) granting the motion for summary judgment without allowing time for a response to a defendant's supplemental authority memorandum; and (6) displaying bias and prejudice in favor of defendants.

Concerning Bartlett's substantive claims, we have reviewed the entire record on appeal and conclude that the district court correctly decided this case under the applicable law. Moreover, our record review reveals no bias or prejudice on the part of the district court. Therefore, for substantially the reasons stated in the district court's order dated April 11, 2000, the judgment of the United States District Court for the District of Wyoming is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge